IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OHIO DEPARTMENT OF ) <br> REHABILITATION AND ) <br> CORRECTION, ) <br> ) <br> Defendant. ) | No. 1:22-cv-2307 |

**CONSENT DECREE**

I. **Introduction**

1. This Consent Decree resolves the above-captioned civil action brought by Plaintiff United States of America against Defendant Ohio Department of Rehabilitation and Correction (ODRC) (collectively the "parties"), under Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12111-12117, as amended, and its implementing regulation, 29 C.F.R. Part 1630.

2. The United States' lawsuit alleges that ODRC discriminated against Complainant, a Corrections Officer, on the basis of disability in violation of the ADA by failing to make reasonable accommodations to his known physical limitations. 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(a).

3. More specifically, the United States' lawsuit alleges that ORDC violated the ADA by denying Complainant's request to remain on a day shift as a reasonable accommodation for his diabetes, where ODRC was on notice from Complainant's medical provider that he needed to work a day shift to manage his blood sugar levels to avoid further damage to his health.

4. This matter arose out of a discrimination charge timely filed by Complainant with the United States Equal Employment Opportunity Commission (EEOC). The EEOC investigated the charge and found reasonable cause to believe that disability discrimination occurred. After conciliation failed, the EEOC referred the charge to the United States Department of Justice.

5. ODRC denies that it discriminated against Complainant, or that it has violated the ADA. Nonetheless, the parties agree that it is in their best interests, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually

agreeable terms. Accordingly, the parties agree to entry of this Consent Decree without trial or further adjudication of any issues of fact or law alleged in the United States' Complaint.

The parties hereby agree and the Court hereby APPROVES, ENTERS, AND ORDERS the following:

## II. Jurisdiction and Venue

6. This Court has jurisdiction of this action under 42 U.S.C. § 12117(a) and § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1345.

7. Venue is proper in this district under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) because Defendant is located in this judicial district and a substantial part of the events and omissions giving rise to this action occurred in this judicial district.

8. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

9. ODRC is a person within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a); an employer within the meaning of 42 U.S.C. § 12111(5) and 42 U.S.C. § 2000e(b); and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2(b).

## III. General Injunctive Relief

10. Defendant by and through its officials, agents, legal representatives, employees, and contractors, shall not discriminate against any individual on the basis of disability in violation of Title I of the ADA, 42 U.S.C. §§ 12111-12117. Discrimination under Title I of the ADA includes failing to provide reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability. 42 U.S.C. §§ 12112(a) and 12112(b)(5).

11. When ODRC has reason to believe that an accommodation may be necessary, or when an ODRC employee requests a reasonable accommodation, ODRC will engage in an interactive process with employee. The interactive process must, at a minimum, include consideration of all relevant facts and medical information, and a meeting between the employee and those responsible for the evaluating the employee's request, without unreasonable delay.

12. ODRC shall provide reasonable accommodations to qualified applicants and employees with disabilities unless doing so would pose an undue hardship.

13. Within sixty (60) days of entry of this Consent Decree, Defendant will make any necessary revisions to its policies and procedures for handling reasonable

accommodation requests to ensure they comply with Title I of the ADA and this Consent Decree and then will send its revised policies to the United States for approval. The United States may review and propose additional revisions to Defendant's policies. Within thirty (30) days of receiving any revisions from the United States, or a response indicating that no revision is necessary, Defendant must adopt the United States' revisions or provide a written response explaining its concerns with any aspect of those revisions, and the parties will work to resolve Defendant's concerns. In the event that the United States fails to respond or to provide revisions to the policies and procedures within sixty (60) days of receipt, the Defendant will implement revised policies that are consistent with the ADA.

14. Defendant will provide live (in person or virtual) training on the requirements of Title I of the ADA to the following categories of employees at the Lorain Correctional Institution: (i) all employees who participate, or may participate, in evaluating reasonable accommodation requests within ninety (90) days after entry of this Consent Decree; and (ii) all first-time Lorain supervisors, whether by hire or promotion, within ninety (90) days of the start of their employment as supervisors.

15. All trainings must be conducted by trainers knowledgeable about Title I of the ADA whom the United States has approved. Defendant will notify the United States of its proposed trainer at least thirty (30) days before conducting such training. If the United States does not approve of the proposed trainer, Defendant must select a different trainer who is pre-approved by the United States. The parties agree that the initial training required under paragraph 14(i) will be provided by a trainer outside of ODRC, and that subsequent trainings may be provided by ODRC personnel who are knowledgeable about Title I of the ADA. Defendant will maintain attendance logs of all employees who attend training and submit these to the United States, as required by paragraph 16 below.

## IV. Reporting Requirements

16. Six (6) months after the entry of this Consent Decree, and on the annual anniversary of the entry date thereafter during the term of this Consent Decree, Defendant will provide a written report (Report) to the United States on its compliance with this Consent Decree. The final Report, however, shall be due sixty (60) days before the expiration of the Consent Decree. ODRC will send all reports required by this Consent Decree by email to the undersigned counsel or as directed by the United States. The Report will include, for the preceding six-months or year period:

    a. A specific acknowledgment that Defendant has, for the instant reporting period, complied with the requirements of the Consent Decree, including paragraphs 11-15 and the training requirements specified in paragraphs 14 and 15 above;

    b. Notification of any lawsuit, written complaint, by any employee at the Lorain Correctional Institution alleging that Defendant has discriminated on the basis of

      disability, by failing to grant a reasonable accommodation. This notice will include the name and contact information of the individual alleging discrimination, a description of the allegations, and all documentation possessed by Defendant relevant to the allegations.

17. All information provided by Defendant to the United States under this Consent Decree must reference Department of Justice complaint number 205-58-19 and be sent to the United States by email to Alyse.Bass@usdoj.gov or as directed by the United States.

## V. Specific Remedial Relief for Complainant

18. Within fifteen (15) days of the entry of this consent decree, ODRC will offer Complainant, in writing, to maintain him on a day shift (First Shift or Administrative Shift) for the duration of his employment unless it becomes an undue hardship to do so. In the event that ODCR believes that continuing to maintain Complainant on a day shift has become an undue hardship, ODRC will: a) notify the Complainant and the United States of the specific reasons that it has become an undue hardship, b) enter into an interactive process with Complainant to discuss what reasonable accommodations are available at that time.

19. Within fifteen (15) days of the entry of this consent decree of this Consent Decree, Defendant shall offer Complainant $50,000.00 as compensatory damages. This amount shall not be subject to withholding deductions, and Defendant shall issue an IRS Form 1099 to Complainant for this amount. Along with the offer, Defendant will send Complainant a copy of this signed Consent Decree, the Notice Letter and Release of Claims Form attached as Exhibits 1 and 2, and an addressed, postage-paid overnight mail envelope to return completed forms to Defendant. Defendant will email the United States copies of the Notice Letter and the Release of Claims Form when they are sent to Complainant.

20. In order to accept the relief offered by Defendant, Complainant must execute and return the Release of Claims Form (Exhibit 2) to Defendant within thirty (30) days of receiving the Notice Letter (Exhibit 1).

21. If Complainant accepts the relief as described in paragraphs 18-19 above, Defendant must pay Complainant $50,000.00 within thirty (30) days of receiving Complainant's signed Release of Claims Form. Within fifteen (15) days of paying Complainant, Defendant shall send the United States proof of payment and a copy of the Complainant's signed Release of Claims Form.

## VI. Enforcement

22. This Consent Decree constitutes the entire ordered agreement between the parties relating to this action, *United States v. Ohio Department of Rehabilitation and*

*Correction*, No.    (N.D. Ohio), Department of Justice Number 205-58-19.  No other statement, promise, or agreement, either written or oral that is not contained in this Consent Decree, including its attachments, will be enforceable.

23. The United States may review Defendant's compliance with this Consent Decree at any time. If the United States believes that the Defendant has violated any portion of this Consent Decree, it will notify the Defendant and attempt to resolve the violations in good faith.  If Defendant is unable to satisfactorily cure any violations alleged by the United States within sixty (60) days of being notified of such violations, the United States may move the Court to enforce this Consent Decree.  In such an event, the United States may move this Court to impose any remedy authorized by law or equity, which may have been occasioned by Defendant's violation or failure to perform.

24. The time frame for completion of any act required by this Consent Decree may be modified with the mutual written consent of the Parties, except that the termination date may be extended only by Order of the Court.

25. If any part of this Consent Decree is found by any Court to be unenforceable, the other parts of the Consent Decree shall nonetheless remain in full force and effect.

26. A signatory to this document in a representative capacity for ODRC represents that he or she is authorized to bind ODRC to this Consent Decree.

27. This Consent Decree does not remedy any other potential violations of the ADA or any other law that is not specifically addressed herein, nor does it affect Defendant's continuing responsibility to comply with the ADA.

28. Failure by the United States to enforce any provision of this Consent Decree is not a waiver of the United States' right to enforce any provision of this Consent Decree.

29. This Consent Decree will remain in effect for three (3) years from the date of its entry.  For the term of this Decree, the Court retains jurisdiction to enforce it.

30. Each party will assume its own costs and expenses, including attorney fees.

SO ORDERED this _____ day of _____, 2022.

_____
District Judge
Northern District of Ohio

AGREED AND CONSENTED TO:         Rebecca B. Bond
Chief
Disability Rights Section
Civil Rights Division

*/s/ Annette Chambers-Smith*        */s/ Alyse Bass*
Annette Chambers-Smith        Kevin Kijewski, Deputy Chief
Director, Ohio Department of Rehabilitation        Alyse S. Bass, Senior Trial Attorney
and Correction        Disability Rights Section
Civil Rights Division
U.S. Department of Justice
Date:        150 M. Street N.E.
December 22, 2022        Washington, D.C. 20535

Date:
December 22, 2022

**Exhibit 1**

**BY OVERNIGHT MAIL**

[INSERT NAME AND ADDRESS]

   Re: <u>United States v. Ohio Department of Rehabilitation and Correction,
No. [INSERT CASE NUMBER] (N.D. OHIO)
DJ No. 205-58-19</u>

Dear Complainant:

  The United States Department of Justice and the Ohio Department of Rehabilitation and Correction (ODRC) have entered into a Consent Decree to resolve the above-referenced lawsuit brought by the United States. A copy of the Consent Decree is enclosed.

  Under the Consent Decree, ODRC is offering you a payment of $50,000.00, which is in the nature of compensatory damages.

  In order to accept ODRC's offer, you must sign and notarize the enclosed Release of Claims Form and return it using the enclosed, pre-posted and addressed envelope within thirty (30) days of your receipt of this letter.

  This money is offered to you on the following condition: if you accept it, you will be required to release Defendant from all claims you may have against it, arising out of the facts alleged in the Complaint in *United States v. Ohio Department of Rehabilitation and Correction,* No. [INSERT CASE NUMBER] (N.D. Ohio), filed in the U.S. District Court for the Northern District of Ohio by signing the attached Release of Claims Form. Within thirty (30) days of receipt of your release, ODRC will pay you $50,000.00 as compensatory damages. This amount shall not be subject to withholding deductions, and ODRC will send an IRS Form 1099 to you for this amount.

  If you have any questions concerning this letter or the Consent Decree, you may contact me at _____ or you may contact Alyse Bass at the U.S. Department of Justice's Civil Rights Division.

  Sincerely,

  XXXXXXXX

  Enclosures:
  Copy of Executed Consent Decree
  Release of Claims Form

cc:      Alyse Bass, U.S. Department of Justice, Civil Rights Division

**Exhibit 2**

**RELEASE OF CLAIMS FORM**

<u>United States v. Ohio Department of Rehabilitation and Correction
No. [INSERT CASE NUMBER] (N.D. Ohio)
DJ No. 205-58-19</u>

For and in consideration of the compensatory damages paid by Ohio Department of Rehabilitation and Correction, (ODRC) under the provisions of the Consent Decree entered into by, and between, the United States and Defendant, United States v. Ohio Department of Rehabilitation and Correction, ("ODRC") <u>No. [INSERT CASE NUMBER] (N.D. Ohio)</u>, I, [INSERT NAME], hereby release and forever discharge the Ohio Department of Rehabilitation and Corrections and its current, past, and future officials, employees, agents, successors, assigns, and administrators, of and from any legal and equitable claims, actions, causes of action, suits, controversies, damages, and demands related to my employment that I had, or now have, up to the date of my signature below, arising out of the facts alleged in EEOC Charge 532-2019-02699, this consent decree, or the complaint filed by the United States in *United States v. Ohio Department of Rehabilitation and Correction, and arising under title I of the ADA*.

This Release constitutes the entire agreement between ODRC and me without exception or exclusion. This Release shall be considered null and void in the event that ODRC fails to timely offer and pay the monetary award of $50,000.00 described in Paragraph 19 of the Consent Decree.

I have read this Release and understand the contents thereof and I execute this Release of my own free act and deed. I understand that I may consult an attorney of my choosing. I also acknowledge that a copy of the Consent Decree has been made available to me.

Signed this _____day of _____, 2022.

_____
[NAME]